UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER S. BROWN<br><br>　　　　Plaintiff,<br><br>  -v-<br><br>TRANSWORLD SYSTEMS, INC.<br><br>　　　　Defendant. | CASE NO.: 3:18-cv-00421<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

   Plaintiff, Walter S. Brown, for his complaint against Transworld Systems, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

   1.   Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

   2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

   3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Indiana.

PARTIES

4. Plaintiff, Walter S. Brown ("Mr. Brown"), is a natural adult person residing in South Bend, Indiana, which lies within the Northern District of Indiana.

5. Mr. Brown is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Brown is a "person" as defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Transworld Systems, Inc., is a California corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. As Mr. Brown was checking his credit reports, he discovered multiple entries bearing Defendant's name that were reporting in a collection status. Relevant pages from Mr. Brown's Trans Union credit report, dated March 30, 2018, are attached to this complaint as Exhibit A.

13. Mr. Brown also noticed on his credit report that Defendant had updated its reporting of the collection accounts as recently as March 20, 2018. *See* Exhibit A.

14. Mr. Brown did not recognize one of these accounts as belonging to him.

15. On or around March 30, 2018, Mr. Brown contacted Defendant via phone to ascertain more information about the entries appearing on his credit report and the debt(s) Defendant was attempting to collect from him (the "Phone Call").

16. During the Phone Call, Mr. Brown spoke with a representative for Defendant who identified Defendant as a debt collector attempting to collect a debt.

17. During the Phone Call, Mr. Brown was informed by Defendant's agent that Defendant was attempting to collect from him a total balance of $888.00 in connection with multiple medical debts that Mr. Brown allegedly incurred between January 2011 and December 2012 (collectively, the "Subject Debt").

18. Defendant's agent subsequently attempted to collect payment of the Subject Debt from Mr. Brown.

19. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues." *See* I.C. § 34-11-2-9.

20. Thus, given the applicable six (6) year statute of limitations and the fact that the Subject Debt, or a portion thereof, went delinquent beginning in January 2011, as of March 30, 2018, the date of the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

21. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Brown that the Subject Debt was time-barred or that Defendant could not sue him to collect it.

22. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Brown that by paying, or just agreeing to

pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Mr. Brown to further legal liability.

23. As of March 30, 2018, the Subject Debt was reporting as past due on Mr. Brown's credit reports in an active collection status, having last been updated by Defendant on March 20, 2018. *See* Exhibit A.

24. Confused and concerned after reviewing his credit reports and speaking with Defendant, and questioning the validity of Defendant's claim to the Subject Debt, Mr. Brown reached out to his attorneys for assistance and clarification regarding his rights.

25. After a reasonable time to conduct discovery, Mr. Brown believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

26. In conjunction with Defendant's March 20, 2018 adverse credit reporting concerning the Subject Debt, Mr. Brown was misled by the Phone Call.

27. Mr. Brown justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

28. Due to Defendant's conduct, Mr. Brown was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

29. After a reasonable time to conduct discovery, Mr. Brown believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

30. Due to Defendant's conduct, Mr. Brown is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

31. All prior paragraphs are incorporated into this count by reference.

32. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

33. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call, in conjunction with its March 20, 2018 adverse credit reporting, by attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

34. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

35. Such omissions served only to confuse and intimidate Plaintiff in the hopes that he waived his rights and affirmative defenses under the law.  Plaintiff was unable to adequately

determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

36. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

37. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the status of the Subject Debt, as well as Defendant's ability to legally collect it.

38. As set forth in paragraphs 26 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## COUNT II
### VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

39. All prior paragraphs are incorporated into this count by reference.

40. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

6

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

41. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

42. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*: (i) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status, namely, that Defendant could no longer sue Plaintiff to collect the Subject Debt; (ii) attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt; and (iii) creating the false impression that Defendant could still sue Plaintiff to collect the Subject Debt.

43. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

44. As set forth in paragraphs 26 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

45. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Walter S. Brown, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 3rd day of June, 2018.                    Respectfully Submitted,

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC